IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



In re:

John Michael Cerceo, II

Case No. 16-11381-BFK
Chapter 13

Debtor

**OBJECTION TO TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE AND OBJECTION TO CONFIRMATION OF PLAN**

I.   **Trustee's Reasons for Objection to Plan and for Dismissal with Prejudice in his Motion and Debtor's Objections to Trustee's Motion are as follows:**

This case was filed on May 3, 2016 and The Trustee filed his motion to dismiss on June 24, 2016 and was received by Debtor on June 30, 2016 alleging the following reasons:

1. "Violation of 11 U.S.C. §1325 (a)(9) – Failure to File Required Income Tax Returns."

Debtor's Response:

A) Debtor mailed copies of 2014 and 2015 Virginia tax returns to Trustee's office via regular mail on June 9, 2016 per Trustees request during the June 7, 2016, 341-hearing and did not know the Trustee had not received them until this objection filing was received on June 30, 2016 before the July 4th holiday weekend. Debtor will hand deliver additional copies of 2014 and 2015 Virginia tax returns to the Trustee's

1

office on July 7, 2016 after filing this response to the Trustees Motions with the Bankruptcy Court.

    B) Regarding Debtor's Tax Returns in previous cases: Filing of Tax returns in previous cases were exacerbated by mitigating issues which have been detailed and responded to in previous case filings. The most recent of which occurred in the 2015 filing which Debtor provided a response to Trustee's objection at that time, stating that "all State and Federal tax returns required were filed by the debtor jointly with his ex-wife prior to his 2014 divorce. However, due to problems with his ex wife during divorce proceedings, and his ex-wife's re-filing separate tax returns after the divorce (without providing notice to the debtor), her returns conflicted with the joint filings and debtor was informed my the taxing authority that his returns were invalid and needed to be redone and re-submitted. Debtor had refiled these returns but they are in Texas where debtor had planned to move."

2. "Violation of 11 U.S.C. §1325 (a)(6) – Feasability & 11 U.S.C. §1325 (a)(3) – Good Faith & Pursuant to 11 U.S.C. §1307 (c) – Lack of Good Faith"

Debtors Response:

    A) Debtor filed this current Chapter 13 in response to Deutsche Bank's filing a foreclosure notice and to prevent the foreclosure actions

2

of Debtor's home by Deutsche Bank. In order to accurately determine post-petition mortgage payments and prepare a chapter 13 plan so that the Trustee can provide payments which Debtor plans to make to the Trustee, to the legitimate mortgage company, Debtor is asking the court to determine IF in fact Deutsche Bank has standing so that the Trustee's office does not make disbursements to an entity which does not have standing or the legal right to be a party of interest and receive such payments without providing proof under rule 3000 that it is in fact a party of interest in this bankruptcy case. Debtor has filed a separate objection to Deutsche Bank's standing and notice of violation of previous bankruptcy judge's order in a previous bankruptcy case, in response to Deutsche Bank's objection to the claimed plan funding amount. This filing by Debtor with the court asserts that the Creditors claiming rights to the debtor's home are not acting in good faith and under Rule 3000 the Trustee and Bankruptcy Court are supposed to determine the validity of Creditors, not dismiss the Debtors plan to avoid doing so. As previously discussed with the bankruptcy court in multiple Debtor's bankruptcy cases, multiple creditors such as Deutsch Bank, Indymac Servicing, Greentree, OneWest Bank, and several others have come forward asserting the right to service the debtor's loan and have previously refused to show proper standing through valid assignments of the rights to service the debtor loan upon multiple written requests and previous bankruptcy court motions, pursuant to Rule 3000. In 2013, one firm

3

representing Deutsch Bank lost a class action lawsuit for similar tactics of which Debtor was a party to. In addition, due to numerous unfounded previous filings by Deutsche Bank without clear evidence of standing in Debtor's previous cases, he was financially strained and forced to withdraw from previous cases due to the financial strain and lost income caused from numerous costly legal pleadings leading to defaulting in plan payments. In view of these facts who is guilty of bad faith? The debtor or Deutsch bank and others like it. Further, Deutsch Bank has not provided valid original copies of its rights of assignment to service the lender's loan to comply with Bankruptcy Rule 3001.

B) Debtor will be finalizing and filing Amended Schedules and detailing a plan and payments which include additional funding to cover necessary plan payments to support Debtor's accurate accounting of the mortgage pre-petition arrearage in the amount of $110,660. This was extremely difficult to do previously with the limited time available to file bankruptcy and without a detailed valid accounting from a legitimate mortgage company with Standing under Rule 3000. Further, Deutsche Bank has never provided any previous accounting of the mortgage or any valid financial document nor any proof that it has standing to make such claims, and the last valid accounting of the debtor's arrearage was provided in 2009 by Indymac Bank before being seized and shut down by the Federal Government. Therefore, due to the Bad Faith of Deutsche Bank, Debtor had to go back through previous Bankruptcy Payments and

4

Disbursements and many other documents to generate what Debtor believes to be a valid accounting of the arrearage owed and what the future post-petition payments should be. However, because there is still no valid mortgage company which has proven legal standing, who should receive those post-petition monthly payments and the Trustee's disbursements has been impossible to determine up to this date.

## II. Relief Sought by Debtor

Debtor is filing pro se and apologizes to the Court and the Trustee and in an effort to retain his home and place of income, asks this court to allow forbearance in debtor's attempts to meet the bankruptcy code requirements and save his home while fighting off predatory creditors without proven standing. Debtor is a pro se debtor because his prior attorney was suspended by the Virginia Bar on December 14, 2012 during his previous bankruptcy filing and debtor is pro se because he recently began earning income and as yet does not have enough money to fund both a chapter 13 plan and to retain counsel. However, Debtor has been able to cure all previous defaults in his bankruptcy protection plans and can cure the deficiencies in his case within 30 days from the date of this hearing. As explained to the trustee during the 341 meeting, Debtor's income prospects are now improving with the improvement in the economy and Debtor currently has four clients with a steadily growing income to support the proposed plan payments. Debtor asks the Court to give him until August 10th, 2016 to fix any additional problems in his case or plan which may be raised by the Trustee or court.

5

WHEREFORE, the Debtor asks this honorable Court to grant him a 30 day delay in the trustee's motion to dismiss giving Trustee time to review Debtor's amended plans and provide Debtor adequate time to amend his case filings and financial obligations with any additional objections the Trustee finds with the plan.

Respectfully submitted,

7/7/2016

John Michael Cerceo II,

Debtor Pro Se.

## Certificate of Service

I hereby certify that on this 7th day of July 2016, I manually filed the above with the Clerk of the Bankruptcy Court, and delivered a copy to the following:

Thomas P. Gorman, Ch 13 Trustee
300 North Washington Street, Ste. 400
Alexandria, VA 22314

/s/: John Michael Cerceo II, Pro Se Debtor.

6

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
_____Alexandria_____ Division

In re:

John Michael Cerceo, II
Debtor(s)

Case No. 16-11381-BFK
Chapter 13

Plaintiff(s)

v.

Adversary Proceeding No.

Defendant(s)

**CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 2090-1**

Document Title: Objection to trustees motion to dismiss with prejudice and objection to confirmation of plan
Date Document Filed: 7/7/2016
Docket Entry No.

I declare under penalty of perjury that (Check one box):

☒ No attorney has prepared or assisted in the preparation of this document.
☐ The following attorney prepared or assisted in the preparation of this document.

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)

John Michael Cerceo II
Name of Pro Se Party (Print or Type)

_[signature]_
Signature of Pro Se Party

Executed on: 7/7/2016 (Date)

[2090edva ver. 12/15]

FILED 2016 JUL -7 P 12:45 CLERK US BANKRUPTCY COURT ALEXANDRIA DIVISION